The note in question constituted the sole cause of action in the present suit. It was made after the death of the plaintiff's testator, and would maintain an action either in the name of the plaintiff as an individual, or as the executor of John Sampson deceased. The suit was brought in the name of the plaintiff. The indebtedness, the consideration of the defendants' promise, and the promise itself, are alleged in the declaration, as accruing to, and made with the plaintiff.
Under these circumstances the defendants proposed to prove a set-off, of demands arising from services rendered by them, to the plaintiff's testator, in his lifetime. This was objected to as incompetent, and the objection overruled by the referee, and the evidence admitted. The notice under which this offer was made, alleged an indebtedness on the part of the plaintiff to the defendants, *Page 175 
at the time of the commencement of the suit. It is said that the objection was too general; that it should have specified the ground of incompetency. There would be force in this suggestion, if the objection to the evidence could have been obviated before the referee. The pleadings of both parties present cross demands, for and against Charles H. Merritt, as plaintiff. The evidence offered tended to prove a debt against John Sampson deceased, in his lifetime, in favor of the defendants. The parties to the suit must therefore be changed to render the evidence admissible. As this difficulty could not be obviated in any manner upon the hearing, a general objection was all that was necessary.
Second. A witness had testified, that John Sampson, sen. the plaintiff's testator, had told the defendants in 1838, when his nephew entered their service as a clerk, to allow him the customary compensation, and if any thing more was needed for his support, he would pay it himself. The witness was then shown an account from the books of the defendants, against the nephew, consisting of various cash items, and was asked whether those items were proper for a young man so situated. The question was objected to as incompetent, and the objection overruled by the referee. The evidence was incompetent in the first place, in calling for the opinion of the witness upon a mixed question of law and fact, as to what was necessary for a young man, in the condition of the nephew of the elder Sampson. (6 Watts Serg. 80.) And in the second place, because there was no foundation in the facts proved, for an opinion, even if such evidence was admissible. It had not been shown in any way, that any thing was needed by the yonng man, beyond the compensation the defendants were bound to allow him; or, if necessary, that any thing had in fact been advanced to him. A transcript from books, which themselves were not evidence, was the only proof upon which the witness was to predicate his judgment; and the only evidence upon which the defendants were allowed to recover. I think the judgment should be reversed.
Judgment reversed. *Page 176